UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

                                                                                Case #12-CR-6183-FPG

v.

                                                                                DECISION & ORDER

BRADLEY W. PATTEE,

                                      Defendant.
_____

By text order dated December 14, 2012, this case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. #12. The 13 count indictment in this case alleges that Defendant Bradley Pattee enticed a minor to engage in sexual conduct for the purpose of producing a visual depiction of such conduct (count 1), distributed child pornography (counts 2-5), and possessed child pornography (counts 6-13), all in violation of 18 U.S.C. §§ 2251(a), 2251(d), 2252A(a)(2)(A), 2252A(b)(1), 2252A(a)(5)(B) and 2252A(b)(2). Dkt. #1.

Defendant's motion seeks to suppress statements he made on April 10, 2012 at his residence in Rochester, New York, as well as evidence that was recovered pursuant to a search warrant executed that same day. Dkt. #19. Magistrate Judge Feldman held a suppression hearing on June 14, 2013 where Homeland Security Investigations Special Agent Edward Williams was the government's sole witness. Defendant did not present any witnesses. Dkt. #30. On October 21, 2013, Magistrate Judge Feldman issued his Report and Recommendation (Dkt. #36), which recommends the denial of Defendant's suppression motions. Defendant filed his objections to the Report and Recommendation on November 20, 2013 (Dkt. #38).

When a Defendant files proper objections to a Report and Recommendation, this Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* In issuing his Report and Recommendation, Magistrate Judge Feldman reminded the parties of Local Rule of Criminal Procedure 59(b)(2) which requires that "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority. **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**" Dkt. #36. (quotations and alterations omitted, emphasis in original).

The objections filed by Defendant in this case (Dkt. #38) consist of slightly more than one page, are little more than a blanket objection to all of the Magistrate Judge's findings, and are devoid of any legal authority to support the objections. Rather, Defendant seeks to "rely upon all previous papers filed herein" to flesh out the basis and legal authority for his objections.

In a nearly identical situation, Judge Elfvin stated:

> The petitioner generally objects to [the Magistrate Judge's] entire legal analysis and the resulting conclusions found in [] the R&R and directs this Court's attention to the totality of petitioner's Memorandum of Law previously submitted to [the Magistrate Judge] for legal authority supporting his objections. Such grossly fails to specifically identify the portions of the R&R to which an objection is made and the basis for such and similarly fails to provide any legal authority as is required by [the Local Rules] for the United States District Court for the Western District of New York in support of such objections. Furthermore, the petitioner's attempt to resubmit his entire legal memorandum does not provide the legal authority supporting his objections required by [the Local Rules].
>
> The purposes of the Federal Magistrate's Act are, *inter alia*, to relieve courts of unnecessary work and to increase the overall efficiency of the federal judiciary. Such would be thwarted if parties were permitted to simply retrace every step previously taken before a Magistrate Judge in order to repeat them before this Court. It is clear from the plain language and spirit of [the Local Rule] that

2

> objections to the R&R are to be specific and are to address only those portions of the R&R to which the party objects. It is improper for [a party] to attempt to relitigate the entire contents of the proceedings previously had before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments made and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to an R&R. In this instance, the petitioner has not tendered to the undersigned the same arguments as were advanced to [the Magistrate Judge] using new language but has instead attempted to present and rely entirely and verbatim on his previous papers by incorporating such in toto. Such is frivolous and not acceptable and the objections must be rejected. A proceeding before the Magistrate Judge is not a meaningless dress rehearsal.

*Dennard v. Kelly*, No. 90-CV-0203E, 1997 WL 9785 (W.D.N.Y. Jan. 2, 1997) (alterations, citations, and quotation marks omitted).

Based on the Local Rule and the *Dennard* decision, Defendant's objections are insufficient to warrant a *de novo* review of the Report and Recommendation. On that basis, this Court would adopt Magistrate Judge Feldman's Report and Recommendation in its entirety.

Nevertheless, and in an abundance of caution, this Court will indeed conduct a *de novo* review of the Report and Recommendation. As part of that *de novo* review, the Court has considered all of the parties' submissions to date, as well as the transcript of the suppression hearing. Based upon that *de novo* review, I find no basis to alter, modify or reject Magistrate Judge Feldman's Report and Recommendation.

Regarding Defendant's motion to suppress statements he made at his residence on April 10, 2012, Defendant objects to Magistrate Judge Feldman's determination that his statements were not the product of a custodial interrogation and *Miranda*[1] warnings were therefore not required.

In determining whether a person is "in custody" for *Miranda* purposes, the "overarching custody question is whether a reasonable person in the suspects position would have understood [himself] to be subjected to restraints comparable to those associated with a formal arrest."

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

*United States v. FNU LNU*, 653 F.3d 144, 153 (2d Cir. 2011) (internal citations, quotations and alterations omitted). In making this objective determination, courts consider the circumstances surrounding the encounter with law enforcement, including such factors as the duration of the encounter, the location of the encounter, whether the officers used restraints, whether weapons were present or displayed, and whether officers told the suspect they were free to leave or under suspicion. *Id.*

The record evidence demonstrates that the interview took place at the kitchen table of Defendant's residence. It is well settled that "absent an arrest, interrogation in the familiar surroundings of one's own home is generally not deemed custodial." *United States v. Newton*, 369 F.3d 659, 675 (2d Cir. 2004). The interview was relatively brief, having lasted 20 minutes, and at no time did the agents tell Defendant that he was not free to leave. To the contrary, the record evidence establishes that agents affirmatively told Defendant he could leave to go to work, but Defendant declined. In addition, there is no evidence of any threats or coercion by law enforcement. At no time did the agents either restrain or handcuff Defendant, and the testimony established that the interview was conversational in tone. Defendant did not seek to end the interview at any time, nor did he seem to be upset or agitated. Further, Defendant was specifically advised that he was not being arrested. Based upon the totality of the circumstances, this Court easily reaches the same conclusion as did Magistrate Judge Feldman, and finds that Defendant was not "in custody" on April 10, 2012 at the time he made the statements that are the subject of this motion. His motion to suppress statements is therefore denied.

Regarding Defendant's motion to suppress evidence seized during the execution of a search warrant at Defendant's residence on April 10, 2012, this Court also agrees with Magistrate Judge Feldman that the challenged warrant is indeed supported by probable cause.

Defendant argues that the warrant was not supported by probable cause, and therefore invalid, because the information underlying the warrant was stale. Defendants' argument is based on the approximately three and a half months that passed between the time law enforcement learned of an internet protocol (IP) address that was offering to share child pornography and the execution of the search.

When reviewing a challenged warrant, "[a] magistrate's determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983). (internal quotation and citation omitted). The affidavit to support a search warrant does not require certainty that the search will be fruitful, rather, the affidavit needs only to "warrant a man of reasonable caution in the belief" that evidence of a crime will be found. *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion).

In reviewing the warrant affidavit in this case, this Court has little trouble concluding that it was indeed supported by sufficient probable cause, and was not stale. As a general proposition, Defendant is correct that an affidavit must allege "facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Sgro v. United States*, 287 U.S. 206, 210 (1932). However, the Second Circuit has held that "[w]hen a defendant is suspected of possessing child pornography, the staleness determination is unique because it is well known that 'images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes.'" *United States v. Irving*, 452 F.3d 110, 125 (2d Cir. 2006) (quoting *United States v. Lamb*, 945 F. Supp. 441, 460 (N.D.N.Y. 1996)).

Defendant relies largely on *United States v. Coon*, No. 10-CR-110A, 2011 WL 1871165 (W.D.N.Y. May 16, 2011), and *United States v. Ohlson*, No. 11-CR-225A, 2012 WL 913037 (W.D.N.Y. Mar. 16, 2012), which were both decided by United States District Judge Richard J.

Arcara, to argue that the passage of three and a half months in this case renders the information stale as to negate probable cause. This Court disagrees.

*Coon* and *Ohlson* are readily distinguishable, primarily because they involved significantly longer periods of time – one year in *Coon*, and thirteen months in *Ohlson* – than the three and a half months at issue here.

Regarding the actual conduct in this case, government agents determined that a computer attached to a certain IP address was offering to share several files, at least four of which contained child pornography. Three days later, it was confirmed that the IP address was subscribed to by the Defendant at the address where the challenged search warrant was executed. While it is true that several months then passed before the warrant was applied for, there is nothing in the record to suggest that this relatively brief passage of time negated the probability that evidence of a crime would be located at Defendant's residence. Indeed, before applying for the warrant, agents surveilled Defendant's residence and saw two cars and a motorcycle at the location, all of which were registered to the Defendant. The warrant was then signed the next day. Under the facts of this case, the passage of three and a half months in the context of digital evidence is not so long of a time period as to negate probable cause. As such, this Court finds that the warrant was indeed supported by probable cause, and Defendant's motion must be denied.

While this Court upholds the warrant on the merits, even if the warrant were somehow deficient, this Court further agrees with Magistrate Judge Feldman's determination that the evidence would still be admissible under the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984). In *Leon*, the Supreme Court recognized an exception to the exclusionary rule for "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *Leon*, 468 U.S. at 922. However, the so-called good faith exception does not apply

"(1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable." *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011), citing *Leon*, 468 U.S. at 923.

Defendant argues that *Leon's* good faith exception should not apply here because the agent who was the affiant for the search warrant in this case is the same agent who was the affiant in the *Coon* case, and he therefore should have known that the affidavit was stale. This argument is not persuasive. The fact that Judge Arcara determined the passage of one year to render the information stale simply does not translate to the same conclusion for the passage of three and a half months – or slightly less than a third of the time period at issue in *Coon*.

It should also be noted that in *Coon*, Judge Arcara recognized that no bright-line rule existed as to when evidence becomes stale in child pornography investigations. Indeed, Judge Arcara explicitly recognized that "precisely when probable cause became lacking is a judicial determination upon which reasonable minds can differ. In fact, other district courts have found probable cause in circumstances very similar to the instant case." *Coon*, 2011 WL 1871165, at *6. Judge Arcara went on to hold that because "the information was not so stale as to negate any objectively reasonable reliance upon the warrant by the officers" and "the warrant application provided evidence sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause, the good faith exception applies." *Id.* (internal citations omitted).

This case easily fits within *Leon's* strictures. There is absolutely no evidence to conclude, nor does Defendant suggest, that either Magistrate Judge Payson was misled or abandoned her judicial role, nor that the application was so facially deficient to render reliance

7

upon it unreasonable. Rather, Defendant argues that the warrant was so lacking in probable cause, based upon Judge Arcara's determination in *Coon,* that the passage of one year rendered the evidence underlying the warrant stale. As previously stated, the passage of three and a half months simply does not compare to the one year time period in *Coon*. In addition, no bright-line rule exists to determine when probable cause becomes stale in child pornography investigations, and numerous Circuit Courts of Appeal have upheld warrants where significantly longer periods of time have elapsed. *See, e.g., United States v. Lemon,* 590 F.3d 612 (8th Cir. 2010) (passage of eighteen months); *United States v. Paull,* 551 F.3d 516 (6th Cir. 2009) (passage of thirteen months); *United States v. Morales–Aldahondo,* 524 F.3d 115 (1st Cir. 2008) (passage of three years); and *United States v. Lacy,* 119 F.3d 742 (9th Cir. 1997) (passage of nine months). As a result, even if probable cause were lacking in this case, *Leon's* good faith exception would still apply, and suppression is therefore not warranted.

Based on all of the foregoing, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jonathan W. Feldman (Dkt. #36) in its entirety, and Defendant's motions to suppress (Dkt. #19) are denied in all respects.

IT IS SO ORDERED.

DATED: Rochester, New York
December 12, 2013

HON. FRANK P. GERACI, JR.
United States District Judge